**ORIGINAL**

# In the United States Court of Federal Claims

Nos. 15-191C & 15-898C[1]
(Filed: September 1, 2015)

FILED
SEP 1 2015
U.S. COURT OF
FEDERAL CLAIMS

|  |  |
|---|---|
| CARLOS A. ALFORD, ) | |
| ) | |
| *Pro Se* Plaintiff, ) | |
| ) | *Pro Se* Plaintiff; 28 U.S.C. § 1500; |
| v. ) | Lack of Subject-Matter Jurisdiction |
| ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

*Carlos A. Alford*, Wilmington, NC, *pro se* plaintiff.

*David D'Allesandris*, United States Department of Justice, Civil Division, Washington, DC, with whom were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, and *Steven J. Gillingham*, Assistant Director. *Major Cindie Blair*, United States Department of the Navy, Office of the Judge Advocate General, General Litigation Division, of counsel.

## OPINION DISMISSING COMPLAINT

**Firestone**, *Judge*.

Pending before the court is the motion to dismiss filed by defendant the United States ("the government"), Docket No. 12. In the motion, the government argues that plaintiff Carlos A. Alford's ("Mr. Alford") complaint in his first case, No. 15-191, must be dismissed for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Rules

---

[1] On August 17, 2015, plaintiff filed a second complaint in this court. As the complaint is substantially similar to plaintiff's first complaint, the court hereby **CONSOLIDATES** the two cases together.

of the United States Court of Federal Claims ("RCFC") as both precluded by a prior court ruling and time-barred by the statute of limitations. In his complaints, plaintiff alleges that he was illegally discharged from the United States Marine Corps ("Marine Corps") on the basis of his mental illness, and asks that the court set aside the decision of the Board for Correction of Naval Records ("BCNR") regarding his discharge. He seeks reinstatement to military duty, restoration of rank and promotions, back pay, and compensatory and punitive damages totaling $20 million.

In response to the government's motions, plaintiff argues that he has stated a claim[2] and that the statute of limitations only began to run in July 2013, when he alleges that the United States Department of Veterans Affairs ("VA") made its final determination that plaintiff was insane at the time that he committed the offenses leading to his other than honorable ("OTH") discharge. He also argues in the alternative that the statute of limitations should be tolled because his mental illness constitutes a "legal disability."

As set forth below, the court finds based on its review that plaintiff filed a case arising from the same operative facts in the United States District Court for the Eastern District of North Carolina that was pending at the time that he filed his first complaint here and that he filed an appeal of the decision in the district court to the United States Court of Appeals for the Fourth Circuit that was pending at the time that he filed his

---

[2] The government has not moved to dismiss pursuant to RCFC 12(b)(6).

second complaint here. As a result, these cases are barred by 28 U.S.C. § 1500[3] and, in accordance with RCFC 12(h)(3), the complaints must be **DISMISSED** sua sponte.

I.   **BACKGROUND**

Mr. Alford served in the Marine Corps twice, first from 1981 to 1984, and again from 1985 to 1988. In his complaints, Mr. Alford alleges that he was discriminated against by the Marine Corps on the basis of his mental illness and wrongfully discharged. Plaintiff states that he sought an upgrade of his OTH discharge to honorable at the BCNR, but was denied.[4] In his first complaint, he further alleges that the VA has declared him to be insane for the relevant time periods and diagnosed him with post-traumatic stress disorder, schizoaffective type. In his second complaint, he alleges that he was suffering from mental illness during his first enlistment, causing him bedwetting, anxiety, and sleepwalking. He alleges that small violations were used as an excuse to discharge him despite a flight surgeon's recommendation of an honorable disability

---

[3] The statute provides:

> The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

28 U.S.C. § 1500.

[4] It appears that plaintiff has filed 30 applications to the BCNR over the last 17 years, all seeking to upgrade his discharges.

discharge, and re-alleges that the VA has declared him "insane and not responsible for his offenses."

Before filing the first of his two cases in this court,[5] plaintiff filed a complaint in the district court on November 10, 2014,[6] re-alleging the claims made to the BCNR and alleging that the BCNR was required to remove his OTH discharge because the VA had removed it. In that amended complaint, as in his complaints in this court, he alleged that he developed undiagnosed PTSD during his first enlistment, rendering him unable to perform his duties and leading to his discharge. Amended Complaint at 2, Alford v. Mabus, No. 14-195 (E.D.N.C. Nov. 17, 2014). The district court dismissed his claim for lack of jurisdiction on June 26, 2015, and Mr. Alford appealed the decision on June 29, 2015.

---

[5] Plaintiff has previously filed a case in this court on substantially the same grounds. On August 5, 2010, Mr. Alford filed a complaint in this court alleging that his 1984 discharge was improper. He sought back pay and allowances for the rank of sergeant, $1.7 million in damages, a disability retirement, and an honorable discharge. Complaint, Alford v. United States, No. 10 -525 (Fed. Cl. Aug. 5, 2010). On March 9, 2011, this court dismissed his complaint, finding that it lacked subject-matter jurisdiction over his claim for disability retirement pay and that his other claims were barred by the statute of limitations. Alford v. United States, No. 10-525 (Fed. Cl. Mar. 9, 2011).

[6] Plaintiff has previously filed several other cases in the district court on the same grounds. On February 2, 2011, while the previous case in this court and seven applications at the BCNR were pending, plaintiff filed a complaint against the director of the BCNR in the United States District Court for the Eastern District of North Carolina, alleging that his 1984 discharge was improper. Alford v. Pfieffer, No. 7:11-38, 2012 WL 548806 (E.D.N.C. Fed. 21, 2012). On February 21, 2012, the district court in Alford v. Pfieffer dismissed his complaint for lack of subject-matter jurisdiction, finding that he had not exhausted his administrative remedies. Id.

On January 22, 2013, plaintiff filed a second complaint in the district court, seeking a restoration of his previous rank, a promotion, and back pay. Alford v. Mabus, et al., No. 7:13-15 (E.D.N.C. Jan. 10, 2014). On January 10, 2014, the district court remanded his case to the BCNR to consider new evidence. Id.

On March 2, 2015, before the case in the district court had been resolved, plaintiff filed the first of his two cases in this court. On August 17, 2015, while his appeal of the district court's decision was pending, plaintiff filed the second case in this court.

## II.   DISCUSSION: Plaintiff's Claims Are Barred by 28 U.S.C. § 1500

Without a waiver of sovereign immunity, no suit may be brought in the United States Court of Federal Claims. United States v. Mitchell, 445 U.S. 535, 538 (1980); United States v. Testan, 424 U.S. 392, 399 (1976). Such a waiver is made in the Tucker Act, which grants this court jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Whether the court possesses jurisdiction to decide the merits of a case is a threshold matter, see PODS, Inc. v. Porta Stor, Inc., 484 F.3d 1359, 1365 (Fed. Cir. 2007) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998)), as a case cannot proceed if a court lacks jurisdiction to hear it, see Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." (citation omitted)). RCFC 12(h)(3); see generally John R. Sand & Gravel v. United States, 552 U.S. 130 (2008), aff'g 457 F.3d 1345 (Fed. Cir. 2006).

In this court's grant of subject-matter jurisdiction, Congress has carved out an exception:

> The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

28 U.S.C. § 1500. According to the Supreme Court, "[t]wo suits are for or in respect to the same claim, precluding jurisdiction in [this court], if they are based on substantially the same operative facts, regardless of the relief sought in each suit." United States v. Tohono O'Odham Nation, 563 U.S. 307, 131 S.Ct. 1723, 1731 (2011). The purpose of § 1500 is to "save the Government from burdens of redundant litigation." Id. at 1729-30.

To determine whether § 1500 applies, a court must answer two questions in the affirmative: "(1) whether there is an earlier-filed 'suit or process' pending in another court, and, if so, (2) whether the claims asserted in the earlier-filed case are 'for or in respect to' the same claim or claims asserted in the later-filed action in [this court]." Brandt v. United States, 710 F.3d 1369, 1374 (Fed. Cir. 2013) (citing Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163-64 (Fed. Cir. 2011)). For the first question, a claim is "pending" from the time that it is filed until a final judgment is entered, and begins pending once again when a motion for reconsideration or a notice of appeal is filed. Id. at 1379-80. For the second question, courts must distinguish between operative facts and background facts; it is those that "are critical to plaintiffs' claims in both actions" that are relevant. See Central Pines Land Co. v. United States, 697 F.3d 1360, 1364-65 (Fed. Cir. 2012).

In this case, there is no dispute that Mr. Alford's suit was pending in the district court when he filed his first complaint, and that his suit was pending on appeal when he filed his second complaint. Further, it is clear that all three suits are based on the same operative facts, as Mr. Alford's discharges—which he alleges are wrongful—and his alleged development of mental illness during his enlistments are central to all three. In his complaint in the district court, Mr. Alford alleges that he developed "PTSD: Schizoaffective" and was wrongfully discharged because his condition went undiagnosed because that disorder "was not even fully recognized until 2010." Amended Complaint at 2, Alford v. Mabus, No. 7:14-CV-195-D (E.D.N.C. Nov. 17, 2014). He does not identify whether he is referring to his 1984 or 1988 discharge, but the allegations of the complaint would appear to apply to both discharges. In his first complaint in this court, he alleges that his discharge was the result of discrimination about his mental illness, which he describes as "Combat: PTSD-Schizoaffective Disease." Complaint at 1-2, Alford v. United States, No. 15-191C (Fed. Cl. 2015). Again, he does not identify the specific discharge that he is challenging, but his reference to the most recent BCNR denial indicates that he is referring to his 1984 discharge. In his second complaint, Mr. Alford appears to allege that he was wrongfully discharged because his mental illness should have prevented him from receiving a misconduct discharge and that a subsequent rating decision by the VA and instructions from the United States Department of Defense entitle him to an upgrade of his 1984 and 1988 discharges. Complaint at 1-2, Alford v. United States, No. 15-898C (Fed. Cl. 2015). He further alleges that his second enlistment was void. Id. at 2. Accordingly, as the operative facts of all three suits are plaintiff's alleged

7

mental illness and discharges, this court must dismiss both complaints for lack of subject-matter jurisdiction.

## III. CONCLUSION

For the reasons set forth above, plaintiff's complaints are **DISMISSED**. The court need not reach the arguments set forth in the government's motion to dismiss, and hereby **DENIES** that motion as **MOOT**. Additionally, plaintiff's motion for summary judgment, Docket No. 18,[7] which this court stayed pending the resolution of the motion to dismiss, is similarly **DENIED** as **MOOT**.[8] The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

NANCY B. FIRESTONE
Judge

---

[7] In the motion, plaintiff argues that the court should change Mr. Alford's discharge date to December 23, 2014 and find him to be insane on the basis that his discharge was wrongful because both he and the commanding officer who discharged him were mentally ill. Additionally, he argues that the statute of limitations should be tolled due because the government failed to turn over documents necessary to discover and file his claim.

[8] Plaintiff also filed a motion to proceed in forma pauperis, Docket No. 4. The motion is hereby **GRANTED** for the purposes of filing the complaint. Further, plaintiff filed a motion for settlement, Docket No. 22. Because the court lacks subject-matter jurisdiction over plaintiff's claims, the motion is **DENIED** as **MOOT**.